SUMMARY ORDER
Plaintiffs Susan Hallock and Ferncliff Associates, Inc. sued defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for violations of their Fifth Amendment right to due process. They now assert that this occurred by defendants intentionally depriving them of, and destroying, computer equipment seized pursuant to a warrant. Plaintiffs appeal an award of summary judgment in favor of defendants, arguing that the district court erred in disregarding their deprivation claim and in concluding that no material issues of fact had been presented in their destruction claim.
*635 We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed. R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Oilman v. Special Bd. of Adjustment No. 1063, 527 F.3d 239, 245 (2d Cir.2008). We assume the parties’ familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.
1. Deprivation Claim
Plaintiffs argue that the district court failed to address the deprivation prong of their due process claim as it pertained to two periods: (1) from September to December 2000, when defendants purportedly delayed the return of seized hard drives that they had determined had no evidentiary value because plaintiff Hallock’s husband, Richard Hal-lock, not a party to this action, refused to sign a hold-harmless agreement; and (2) after December 2000, when defendants refused to provide plaintiffs with a copy of their hard drives. This argument is without merit.
Neither the Amended Complaint nor plaintiffs’ memorandum of law in opposition to the motion for summary judgment articulated a due process violation based on these factual allegations. We identify no error in the district court’s failure to address due process theories that were never litigated before it. These two theories of deprivation are thus properly deemed waived. See In re Int'l Bus. Machines Corp. Sec. Litig., 163 F.3d 102, 110 (2d Cir.1998) (“Plaintiffs never pled this new theory of liability and therefore have waived any claims relating to it.”); see also Fed.R.Civ.P. 10(b) (“[Ejach claim founded on a separate transaction or occurrence ... must be stated in a separate count.”).
2. Destruction of Property Claim
Plaintiffs argue that the district court erred in concluding that they failed to raise a material issue of fact regarding the personal involvement of any defendant in the alleged intentional destruction of their property. See Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (“Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official’s own individual actions, has violated the Constitution.”); Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir.2006) (“[I]n Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation.”). It is also a prerequisite for a due process violation, and hence for a Bivens action of this kind, that the defendants damage plaintiffs’ property with intentional conduct. See Shannon v. Jacobowitz, 394 F.3d 90, 93-94, 97 (2d Cir.2005).
Although plaintiffs cite to testimony by two “expert” witnesses that the hard drives were intentionally damaged, the evidence of these witnesses, even if admissible, at most permits a jury to find negligence, not intentional conduct. This is insufficient for a Bivens action. See Shaul v. Cherry Valley-Springfield Cent. Sch. Dist., 363 F.3d 177, 187 (2d Cir.2004) (“It is well established that mere negligence is insufficient as a matter of law to state a due process violation.”).
We therefore conclude that the district court correctly entered judgment in favor of defendants on plaintiffs’ Bivens claim. We have considered plaintiffs’ other arguments on appeal and conclude that they *636 are without merit. Accordingly, we AFFIRM the judgment of the district court.